By the Court,
Cowen, J.
The question whether the deed to the plaintiff was void in respect to the wall, by reason of adverse possession in Benjamin, or any one claiming under him, was not raised at the trial, and therefore cannot now be noticed. Had it been raised, the objection might have been obviated.
Nor do I see that the question of priority, by reason of the plaintiff’s deed being first recorded, was noticed.
The question whether the defendant was in possession at the time of suit brought, was, I think, properly submitted to the jury, whose finding on "that head cannot be disturbed. There was some evidence, and enough to warrant their finding as they have done.
The whole case comes down to the legal effect of the deed of 1821, which, as the judge decided, conveyed a mere easement; and therefore he directed the jury to find for the plaintiff.
In this it seems to me he erred. Clearly the right to recover does not follow from the deed conveying a mere *147 easement, for that may be granted in fee; nor can the grantee be disturbed by ejectment in his enjoyment of it.
The deed granted to Benjamin and his heirs the right of building on and occupying to the plaintiff’s west wall. Benjamin accordingly did so; and he or those claiming in his right, have continued their occupancy to this day. It is supposed by the plaintiff’s counsel that the burning down of the Lesslie store put an end to the right. On what principle such a consequence is to follow, I am unable to see. The wall in question has not fallen down though the other walls of the store have. These the defendant does not want, nor does Benjamin; but only the party wall, or the right to that wall so far as it was granted. If the grant were not in fee simple, yet clearly it carried a right to Benjamin and his heirs, so long as the wall stands and answers his purpose. (2 Black. Com. 109. Co. Lilt. 27, a.)
There must be a new trial, the costs to abide the event.
New trial granted.